IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STA GROUP LLC § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 2:22-cv-0381-JRG-RSP |
| § | |
| MOTOROLA SOLUTIONS, INC., § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM ORDER**

Before the Court is Defendant Motorola Solutions, Inc.'s Motion for Protective Order Partially Quashing or Limiting 30(B)(1) Deposition of Dr. Rajan Naik. (Dkt. No. 217.) After consideration, the Court **GRANTS** Motorola's motion as provided below.

**I.     BACKGROUND**

STA Group served a number of Rule 30(B)(1) deposition notices and two Rule 30(b)(6) notices. (Mot. at 2.) One of the 30(b)(1) notices is addressed to Dr. Naik. (*Id*.) Motorola contends Dr. Naik is an apex witness based on his position as a senior executive and a member of the executive team. (*Id*. at 1.) At a subsequent meet and confer, STA contended that Dr. Naik had unique knowledge of (a) "how Motorola strategizes with respect to new products/new product features," (b) a conversation between Motorola and STA executives relating to STA's willfulness contention, and (c) Motorola's relationship with third party Sonim Technologies. (*Id*. at 2.) As a compromise, Motorola proposed to limit Dr. Naik's deposition to exclude "Motorola's unrelated pending or potential deals or acquisitions." (*Id*.) STA did not agree to this limitation and Motorola filed the instant motion seeking a Court order implementing their proposed limitation.

1

## II. ANALYSIS

Motorola primarily complains that discovery or deposition testimony relating to pending or potential acquisitions would be highly prejudicial.[1] In particular, Motorola alleges that discovery into pending or potential acquisitions would negatively impact Motorola in those acquisitions and would expose third party confidential information. (Mot at 4-6.) Motorola further argues that because any future acquisitions would only impact future infringement, they are not relevant to the case at hand. (*Id*.)

STA counters that the accused system was developed through an acquisition strategy. (Opp. at 5-6.) STA contends this makes Motorola's pending acquisition activity particularly relevant. (*Id*.) In particular, STA contends that if any pending acquisitions have reached a dollar amount, this would be relevant under *Georgia Pacific* to establish profitability, commercial success, popularity, and the utility and advantages of the patented property. (*Id*. at 6.) STA further contends that any associated license or intellectual property transfer would likely be a comparable license. (*Id*.)

The Court agrees with Motorola. Pending and proposed acquisitions are not sufficiently relevant to outweigh the potential prejudice from their exposure. The Federal Circuit has established that an offer to license is not an established rate and should be excluded as it does not represent an established rate under *Georgia Pacific*. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078 (Fed. Cir. 1983). Naturally, this is because an offer, until accepted, can only be understood to be one party's position. While such a position is likely based on well-considered opinions of the offering party, it is still merely the opinion of a single party and does not represent the business reality that makes licenses and other agreements useful to the ultimate fact finder. *See Mhl Custom, Inc. v. Waydoo USA, Inc.*, No. CV 21-0091-RGA, 2023 WL 1765553, at *2 (D. Del. Feb. 3, 2023) ("A non-final agreement is not a license.")

---

[1] While the parties contest whether Dr. Naik is an apex witness, they do not contend this impacts whether Motorola's proposed limitation is proper. As such the Court does not address whether Dr. Naik is an apex witness.

Accordingly, the Court orders that the deposition of Dr. Naik shall exclude "Motorola's unrelated pending or potential deals or acquisitions."

**SIGNED this 19th day of January, 2024.**

                                                                    ROY S. PAYNE
                                                                    UNITED STATES MAGISTRATE JUDGE