# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| STA GROUP LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00381-JRG-RSP |
| § | |
| MOTOROLA SOLUTIONS, INC., § | |
| § | |
| *Defendant.* § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion to Dismiss Counterclaims filed by Counterclaim Defendants Dillon Kane Group LLC ("DKG") and Instant Connect Software LLC ("ICS"). **Dkt. No. 114**. Counterclaim Plaintiff Motorola Solutions, Inc. opposed the Motion with a response and sur-reply. Dkt. No. 124; Dkt. No. 139. For the reasons provided below, the Motion should be **DENIED**.

## I. BACKGROUND

This case was brought by STA, with the First Amended Complaint alleging patent infringement against Motorola. Dkt. No. 137. Motorola has filed counterclaims generally alleging misappropriation of trade secrets, tortious interference with contract, tortious interference with prospective business relationships, unfair competition, and civil conspiracy against STA, as well as against DKG and ICS as third-party defendants. Dkt. No. 51. DKG and ICS seek to dismiss the counterclaims pursuant to 12(b)(2) and 12(b)(3).[1] Dkt. No. 114 at 6.

---

[1] Counterclaim Defendants also include in the Motion a request for Joinder to STA's Motion to Dismiss pursuant to 12(b)(6) filed at Dkt. No. 105.

## II.   LEGAL STANDARD

### A.  Jurisdiction

In determining whether a court's exercise of specific jurisdiction over a non-resident defendant comports with constitutional due process requirements, the Fifth Circuit directs courts to consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Id*. The fact that a Texas plaintiff suffered some harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n.41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudenspreung*, 379 F.3d at 343. Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Carmona*, 924 F.3d at 193) (citing *Sangha*, 882 F.3d at 102 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985))). In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2)

the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies. *Sangha*, 882 F.3d at 102 (citing *Burger King*, 471 U.S. at 477).

### B. Venue

A party may move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 120–21 (E.D. Tex. 2009) (citations omitted). A plaintiff may carry its burden by presenting facts, taken as true, that establish venue. *Id.* The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Id*. If venue is improper, the Court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### III.   ANALYSIS

### A. General Personal Jurisdiction

Counterclaim Defendants assert that general personal jurisdiction is not proper as both DKG and ICS are not incorporated in Texas, do not have principal places of business in Texas, and Motorola has not demonstrated substantial, systematic, or continuous contacts with Texas. Dkt. No. 114 at 10. Motorola does not respond. *See* Dkt. No. 124. Accordingly, the Court finds that general personal jurisdiction is not present.

### B. Alter Ego

Counterclaim Defendants DKG and ICS assert that they are not alter egos sufficient to confer personal jurisdiction. Dkt. No. 114 at 15. Counterclaim Defendants assert that Motorola has not demonstrated that the entities are more than mere affiliates with STA. *Id.* at 16. Counterclaim Defendants support this assertion generally by contending that there is not a parent-subsidiary relationship, there is no stock ownership between the three entities, the entities maintain separate bank accounts, and "separately observe other traditional corporate formalities, such as independent board meetings." *Id.* at 16–17 (citing *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004)). Additionally, Counterclaim Defendants assert that even if a parent-subsidiary relationship exists, it alone is not enough to confer alter ego personal jurisdiction. *Id.* at 17 (citing *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000); *Hargrave v. Fireboard Corp.*, 710 F.2d 1154, 1159 (5th Cir.1983)). Counterclaim Defendants argue that the case law for a finding of alter ego is predicated on a parent-subsidiary relationship and the factors are the "something more" that must be proven beyond being "mere affiliates." Dkt. No. 114 at 16–17; Dkt. No. 134 at 5. The Court is not persuaded that the case law is so narrow. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). The Court considers each of the five factors set out by the Fifth Circuit in determining whether alter ego personal jurisdiction applies to these facts. *See Freudensprung*, 379.3d at 346.

1. <u>Stock Ownership</u>

Motorola responds that the declarations relied on in the Motion do not support the "attorney argument" that none of the defendants hold stock ownership of the others. Dkt. No. 124 at 10. Motorola points to common ownership of the three entities by the same principals "Dillon and

4

Kane." *Id.* at 10–11 (citing Dkt. Nos. 124-14, -4, -5, -37–39). Weighing the evidence in favor of the non-movant, the Court finds that this factor weighs in favor of specific jurisdiction.

### 2. Headquarters, Directors, and Officers

Counterclaim Defendants admit that "DKG, STA, and ICS all have principal offices at the same location . . . [and] certain members, officers, and employees have held or currently hold positions at one or more of DKG, STA, and ICS." Dkt. No. 114 at 17–18. Instead, Defendants assert that the factor is non-dispositive and unsupported as a basis for specific jurisdiction. Dkt. No. 114 at 17–18. Motorola responds that "evidence produced thus far reveals that numerous individuals carry out the same responsibilities for each entity, including with respect to the specific allegations in this case." Dkt. No. 124 at 11 (emphasis removed). The Court finds that this factor weighs in favor of specific jurisdiction.

### 3&4. Corporate Formalities and Accounting Systems

Motorola contends that DKG and ICS have "cherry-pick[ed]" examples of corporate formalities "like having their own 'bank accounts' . . . filing their own taxes, and holding their own board meetings" which are not supported by evidence. Dkt. No. 124 at 12–13. Counterclaim Defendants do not reply to these assertions. *See* Dkt. No. 134 at 5–6. The Court finds that these factors weigh in favor of a finding of jurisdiction.

### 5. Control

Motorola asserts that the Counterclaim Defendants "have a complex, multi-level corporate structure in which DKG exercises direction and control over STA, and DKG and STA [together] over ICS." Dkt. No. 124 at 13. Motorola points to documents demonstrating the managing directors--Dillon, Kane, and Reedy--are also directors in different permutations of all three of the entities. *Id.* Motorola further contends that Counterclaim Defendants' evidence is focused on day-

to-day operations and not operational control. *Id.* at 14 (citing *Stingray*, 2021 WL 9095764, at *4). Weighing the evidence in favor of the non-movant, and noting that Counterclaim Defendants do not contest that the entities share directors, the Court finds that this factor weighs in favor of a finding of specific personal jurisdiction.

Accordingly, weighing all factors together, the Court holds that Motorola has rebutted the presumption of corporate separateness, which allows jurisdiction over DKG and ICS in this matter based on the facts pled. Having determined that specific jurisdiction is present, the Court does not reach the remaining arguments regarding stream of commerce, orchestration of filing this suit, or creation of jurisdiction through ICS's website.

### C. Venue

Counterclaim Defendants assert that venue is improper in the Eastern District of Texas and move to dismiss pursuant to Rule 12(b)(3). Dkt. No. 114 at 18. Counterclaim Defendants assert that none of the requirements of 28 U.S.C. § 1391(b) are met. Dkt. No. 114 at 18–20. Counterclaim Defendants' arguments against venue are underpinned by the assumption that corporate separateness was not found and that personal jurisdiction for DKG and ICS is not present in this action. Having found the opposite above, the Court holds that since venue is proper for STA as plaintiff in this action and corporate separateness was not maintained, venue is proper for Motorola's counterclaims. *See Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021).

### IV.   CONCLUSION

Accordingly, IT IS RECOMMENDED that the Motion be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 6th day of March, 2024.**

                                              ROY S. PAYNE
                                              UNITED STATES MAGISTRATE JUDGE