IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STA GROUP LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-cv-0381-JRG-RSP |
| § | |
| MOTOROLA SOLUTIONS, INC., § | |
| § | |
| *Defendant.* § | |

## REPORT & RECOMMENDATION

Before the Court is STA Group LLC's Partial Motion to Dismiss Motorola Solutions, Inc.'s Counterclaims for Failure to State a Claim. **Dkt. No. 105**. For the following reasons, the Motion should be **DENIED**.

### I.   BACKGROUND

STA's complaint alleges that Motorola infringes U.S. Patent Nos. 7,324,802 (the "'802 Patent"), 8,489,134 (the "'134 Patent"), 8,994,830 (the "'830 Patent"), and 8,831,664 (the "'664 Patent"). Motorola's counterclaims alleges that STA engaged in a conspiracy with former Motorola employees to misappropriate trade secrets relating to the same products STA accuses of infringing its patents. (Opp. at 1.)

### II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id.*

The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, documents attached to a defendant's motion to dismiss may be considered a part of the pleadings if they are referred to in the complaint and are central to the claim. *Id.*

### III. ANALYSIS

#### 1. Tortious Interference with Contract

STA argues that Motorola's Tortious Interference with Contract counterclaims should be dismissed as too threadbare to support the requisite elements. (Mot. at 3.) STA contends that broad allegations of encouragement of former Motorola employees to violate nonsolicitation agreements is insufficient. (*Id*. at 3-4.) STA contends "[t]o show a willful and intentional act of interference, the interfering party must have actual knowledge for the contract in question." (*Id*.) STA argues that since Motorola has not pleaded such knowledge, it cannot maintain its claim.

Motorola argues that it has pleaded all that is required. (Opp. at 3.) Motorola notes it pleaded "[o]n information and belief, Dillon Kane Group, STA, and ICS were aware of the employment agreements and obligations to MSI each Former MSI Employee had with MSI." (*Id*.) Motorola contends this is sufficient especially where such information is more accessible to the opposing party. (*Id*. at 3-4.)

The Court agrees with Motorola. It has alleged sufficient knowledge by STA and others. "'[I]nformation and belief' pleading is generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant." *Johnson v. Johnson*, 385 F.3d 503, 531 n19 (5th Cir. 2004). To disregard such pleadings would eviscerate not just Motorola's counterclaims but also STA's complaint. (*See* Dkt. No. 1 at ¶5, 13-15 (basing its venue pleadings largely on "information and belief").)

#### 2. Tortious Interference with Prospective Business Relationship

STA argues that Motorola's counterclaims should dismissed because Motorola failed to identify a specific business relationship with a specific third party and does not identify interference that proximately caused

Motorola's injury. (Mot. at 4.) STA points to Motorola's allegation it had contractual relationships with "customers, including customers in the federal government." (*Id*.) STA contends this identifies neither a third-party Motorola might have engaged with nor what agreement may have been involved. (*Id*.) Further, STA contends that Motorola provides no link between interference with the above-mentioned prospective relationship and the tortious act, namely encouraging former Motorola employees to violate their Employment agreements. (*Id*. at 5-6.)

Motorola responds that its pleading identified not just the federal government but more specifically "all United States military branches." (Opp. at 4-5.) Motorola contends this identification is sufficient and far more than was done in the cases cited by STA. (*Id*.) Motorola likewise contends the use of Motorola trade secrets acquired through encouraging its former employees to violate their employee agreements caused many former Motorola customers to switch to products of Instant Connect, an STA affiliate. (*Id*. at 6-7.)

The Court finds that Motorola has sufficiently pleaded a claim for tortious interference with prospective business relationships. While "all United States military branches" is still rather broad, it is sufficient to put STA on notice of what prospective business relationship Motorola believes STA interfered with. Likewise, Motorola's proximate cause pleading is sufficient. That STA, or its affiliates, acquired trade secrets impermissibly and used such knowledge to encourage Motorola's customers to switch to STA's affiliate is sufficient to show proximate cause at the pleading stage.

### 3. Civil Conspiracy Claims

STA argues that Motorola's alleged civil conspiracy to tortiously interfere with existing contracts fails for the same reasons the underlying tort fails[1] and because Motorola has not identified an effective group to commit a conspiracy. (Mot. at 7-8.) STA points to Motorola's allegation that STA, DKG, ICS, and former Motorola employees, conspired to interfere with the former Motorola employee's own contracts. (*Id*.) STA contends that as a matter of law, the former employees cannot conspire to interfere with their own contracts leaving only STA, DKG, and ICS. (*Id*. at 10.) However, STA contends that according to Motorola "STA and ICS are under the common

---

[1] As provided above, the Court finds that the underlying tort does not fail and thus this is not grounds to dismiss the conspiracy claim. Likewise, the Court finds STA's similar argument as to Civil Conspiracy to Tortiously Interfere with Prospective Business Relationship also fails. (*See* Mot. at 8.)

control of Dillon Kane Group" and it is a legal impossibility for a corporation to conspire with itself. (*Id.*)

STA also argues that Motorola's civil conspiracy to commit fraud claim fails because the Federal Rules require fraud to be pleaded with greater specificity. (*Id.* at 8-9.) STA contends Motorola's allegation that STA encouraged Motorola's former employee to misrepresent his compliance with the return of Motorola's property relating to the accused product, is insufficient. (*Id.*) STA complains that pleading this on information and belief is insufficient without a "factual basis for such belief." (*Id.* at 9.)

As to tortious interference with an existing contract, Motorola contends that STA misconstrues its claim here. (Opp. at 7-8.) Motorola argues its claim is not that former employees interfered with their own contracts but that they conspired to interfere with the contracts of other employees. (*Id.*) Further, Motorola argues that it can maintain, as an alternative, that STA is conspiring with DKG and ICS as those parties are contesting common control. (*Id.*)

As to civil conspiracy, Motorola argues that it has set forth more than sufficient pleading to show conspiracy. (*Id.* at 8-10.) Motorola contends that it has pleaded that former employees defrauded Motorola by misleading Motorola as to their destruction of Motorola intellectual property, all the while working with STA, DKG, and ICS to profit from Motorola's intellectual property. (*Id.*) Motorola pleads the actions of its former employees with significant particularity and contends STA, DKG, and ICS conspired with the former employees somewhat more broadly. (*See id.* at 9.)

The Court finds Motorola's pleadings of civil conspiracy sufficient to state a claim. Motorola's allegation that certain former employees and STA, DKG, and ICS conspired together is a sufficient pleading of conspiracy. Likewise, the Court does not, at this point, foreclose Motorola's alternative allegation that STA, DKG, and ICS conspired together, since it is unproven whether they are acting under common control. Motorola's extensive allegations as to the activities of its former employees in defrauding Motorola are sufficient, and allegations that STA, DKG, and ICS conspired with the former employees is sufficient at this stage particularly because such information is likely in the particular control of those parties.

### 4. DTSA Claim Against STA

STA argues that Motorola's DTSA counterclaims should be dismissed because Motorola fails to plead

misappropriation by STA. (Mot. at 9-10.) STA contends that Motorola's allegations relate to actions of former Motorola employees and contain only threadbare allegations of STA's involvement. (*Id*.) STA further contends Motorola's claims do not identify specific intellectual property and Motorola only alleges STA received such information and did nothing to misappropriate such. (*Id*. at 10.) In particular, STA complains that much of these allegations are made on information and belief. (*Id*.)

Motorola responds that it alleges misappropriation under the definition that misappropriation includes "acquisition of trade secrets with the knowledge that they were acquired by improper means or disclosure or use of trade secretes without consent." (Opp. at 10-11.) Motorola argues that it need not argue STA itself stole the trade secrets merely that STA new of the improper means by which they were acquired. (*Id*.)

The Court finds that Motorola has sufficiently pleaded a claim under DTSA. Motorola has pleaded a sufficiently plausible set of facts that, if taken as true, demonstrate STA received Motorola trade secrets that it knew were acquired through improper means, namely their improper retention by former Motorola employees.

## IV.   CONCLUSION

For the reasons above, **IT IS RECOMMENDED** that the Motion (**Dkt. No. 105**) be **DENIED.**

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE