## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| STA GROUP LLC, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Case No.2:22-CV-00381-JRG-RSP |
| MOTOROLA SOLUTIONS, INC., | § § § | |
| *Defendant.* | § | |

### MEMORANDUM ORDER

Before the Court is the Motion to Stay Pending *Inter Partes* Review and Contingent Motion to Sever and Consolidate Counterclaims filed by Defendant Motorola Solutions, Inc. **Dkt. No. 246;** Dkt. No. 268 (reply). Plaintiff STA Group LLC opposed the Motion. Dkt. No. 261. For the following reasons, the Motion is **GRANTED**.

### I.   LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

## II. ANALYSIS OF STAY PENDING *INTER PARTES* REVIEW

Defendant Motorola requests that Counts I, II, III, and IV of Plaintiff's First Amended Complaint (the "patent claims") and related counterclaims be stayed in light of instituted IPRs on all four asserted patents, U.S. Patent Nos. 7,324,802; 8,489,134; 8,831,664; and 8,994,830. Dkt. No. 246 at 5. For each of the asserted patents, IPRs have been instituted for all asserted claims. *See* Dkt. No. 246 at 7.

### A. Simplification of Issues

Plaintiff asserts that a stay would not simplify the issues, contending that Motorola has not demonstrated whether the PTAB is likely to invalidate every asserted claim. Dkt. No. 261 at 7 (citing *Scorpcast, LLC v. Boutique Media Pty Ltd.*, 2020 WL 7631162, at *3 (E.D. Tex. 2020); *Maxell Ltd. v. Apple, Inc.*, 2020 WL 10458088, at *3 (E.D. Tex. 2020)). *Scorpcast* and *Maxell* are distinguishable, as in both instances a stay was being sought prior to institution decisions or being sought based on partial institution on less than all of the claims. Further, *Scorpcast* was later stayed on subsequent motion following institution of IPR on all patents and claims. *See Scorpcast, LLC v. Boutique Media Pty Ltd.*, 2021 WL 3514751, at *3 (E.D. Tex. 2021).

Here, IPRs have been instituted on all asserted claims. Further, the Court finds that Motorola has demonstrated that a stay would result in significant simplification of issues. *See*

*Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*, 2024 WL 1021023, at *3 (E.D. Tex. Mar. 8, 2024) ("If the PTAB were to find some or all of the claims under review to be valid, [d]efendants would be estopped from asserting invalidity defenses on any grounds they raised or reasonably could have raised during inter partes review. Further, the cancellation of some or all of the claims could result in simplification of issues in this case."). Additionally, similar to *Resonant Systems*, Motorola points to institution on multiple grounds, weighing in favor of a finding that a likelihood of some or all of the claims will be found invalid. *Id.* at *4; *Commc'n Techs, Inc. v. Samsung Elecs. Am., Inc.*, 2023 WL 1478447, at *5 (E.D. Tex. Feb. 2, 2023). Accordingly, this factor weighs in favor of a stay.

### B. Stage of the Case

Plaintiff asserts that the advanced stage of the case weighs against a stay. Dkt. No. 261 at 9. Plaintiff contends that the parties have invested significant resources at this point of the case and indicates that "Motorola's obvious delay in filing its IPRs and subsequently seeking this stay also weighs against granting it." *Id.* at 10. Motorola replies that "last-minute" discovery requests demonstrate that a stay is warranted and that the "bulk of expenses" are upcoming. Dkt. No. 268 at 7 (citing *NFC Tech. LLC v. HTM Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. 2015)). Further, Motorola contends that the Court should consider the "flurry of new discovery requests and recently filed discovery motions" in evaluating the stay. Dkt. No. 268 at 8 (citing *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016)).

The IPRs were filed on August 21, 2023, and the last institution decision was on March 22, 2024. Dkt. No. 246 at 7. Motorola's instant Motion bears a filing date of March 26, 2024, four days after the last institution decision. *Id.* The Court does not find that a four-day delay between the last institution decision and the filing of the current Motion weighs against granting a stay. *See*

*Resonant Systems*, 2024 WL 1021023, at *4. In light of several amendments to infringement contentions, the Court finds that the delay in filing IPRs only slightly weighs against stay, as the delay was approximately two months after the amended contentions. *See* Dkt. No. 268 at 4; *Resonant Systems*, 2024 WL 1021023, at *4. Accordingly, the Court finds that the specific factual background of this case results in a neutral finding for this factor.

### C. Undue Prejudice

Plaintiff asserts that a stay would prejudice the party due to delaying enforcement of their patent rights. Dkt. No. 261 at 12–13, 13–14. Further, Plaintiff asserts that "a lengthy stay may cost STA Group key witness testimony" pointing to potential witness Dr. Shaffer who is "of an advanced age" and named inventor on three of the four asserted patents. Dkt. No. 261 at 13.

The Court does not find that Plaintiff has demonstrated undue prejudice will be incurred should a stay be instituted. First, delay in vindication of patent rights, while inherently prejudicial to any plaintiff, is not so unduly prejudicial in the instant case to warrant denying a stay. *Resonant Systems*, 2024 WL 1021023, at *4. Second, Plaintiff's reliance on Dr. Shaffer's age being "over 70 years-old" as weighing against stay is not persuasive. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Absent the single specific assertion regarding Dr. Shaffer, Plaintiff's broad assertions regarding degradation of witness testimony does not weigh against a stay in this case. Accordingly, this factor does not weigh against transfer.

In conclusion, the Court finds that the calculus of factors weighs in favor of granting the stay pending the resolution of the instituted IPRs. Therefore, Motorola's Motion to Stay is **GRANTED** for the patent claims and related counterclaims.

### III. CONTINGENT REQUEST TO SEVER NON-PATENT COUNTERCLAIMS

Motorola requests upon a grant of stay that Counts IX, X, XI, XIII, and XIV of Dkt. No. 51 (the "non-patent counterclaims") be severed and consolidated with Case No. 2:23-cv-00030-JRG-RSP. Dkt. No. 246 at 5. Plaintiff "does not oppose the consolidation of non-patent counterclaims" with Case No. 2:23-cv-00030-JRG-RSP. Accordingly, having granted the stay on the patent claims and related counterclaims, the Court **GRANTS** Motorola's contingent request to Sever the Non-Patent Counterclaims. Severance and consolidation will be affected by a forthcoming, separate order.

**SIGNED this 5th day of June, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE